IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DEWAYNE CORNELL JACKSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:25-cv-19-CDL-AGH |
| | : | |
| UNITED STATES COURTHOUSE ATHENS DIVISION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Dewayne Cornell Jackson, a prisoner at Walton County Jail in Monroe, Georgia, filed a complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). For the following reasons, Plaintiff's motion for leave to proceed IFP is **DENIED**, and Plaintiff must recast his Complaint on one of the Court's standard forms if he wishes to proceed with this action.

### MOTION TO PROCEED IFP

Plaintiff seeks leave to proceed without prepayment of the filing fee. In this motion, he suggests he is employed by the "Governor" and "House Speaker" and may have made between 1.6 million dollars and 6.6 trillion dollars in this capacity. Mot. to Proceed IFP 1, ECF No. 2. He further states he has "over a million" in cash or money in a checking, savings, or prison account and says he has other significant

assets, apparently in real estate. *Id.* at 2.[1] Plaintiff therefore fails to show that he is unable to pre-pay the entire $405.00 filing fee at this time. Plaintiff's motion to proceed IFP (ECF No. 2) is accordingly **DENIED**.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the filing fee. If circumstances have changed and Plaintiff is not able to pay the filing fee as ordered, Plaintiff should submit a renewed motion to proceed IFP explaining his present inability to pay within **FOURTEEN (14) DAYS** of the date of this Order. Any renewed motion for leave to proceed IFP should be accompanied by a certified copy of Plaintiff's prison trust fund account information for the most recent six months, as required by 28 U.S.C. § 1915(a)(2). The Clerk is **DIRECTED** to mail Plaintiff a copy of the required forms he should use to submit any renewed motion for leave to proceed IFP, marked with the case number of the above-captioned action.

## ORDER TO RECAST

Plaintiff's claims appear to arise from his current incarceration at Walton County Jail, although Plaintiff has named two federal agencies—the United States Courthouse Athens Division and the United States Postal Services—as the only Defendants. Compl. 1, 5, ECF No. 1. Generally, a prisoner seeking monetary damages, injunctive and/or declaratory relief from a federal agent does so by filing an action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of*

---

[1] Plaintiff attached what appears to be a partial copy of his prison trust fund account information to his Complaint. Compl. Ex. 1, at 4-8, ECF No. 1-2. This document shows Plaintiff only has a $0.15 balance in his prison trust fund account. *See id.* at 1. Given his allegations about his substantial assets outside the prison, however, his motion to proceed IFP is still denied.

*Narcotics*, 403 U.S. 388 (1971). To state a claim for relief under *Bivens*, a plaintiff must allege that a federal agent, by act or omission under color of federal authority, deprived him of a right, privilege, or immunity secured by the Constitution. *Bivens*, 403 U.S. at 389. *Bivens* claims, however, may not be brought against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). Even if the Court assumes Plaintiff intended to file a *Bivens* claim against some federal official, it is altogether unclear which constitutional right Plaintiff alleges that federal official violated.

Plaintiff also mentions that he has a "sore tooth" and suggests he has not been given adequate medical treatment at the Walton County Jail. Compl. Ex. 1, at 3, ECF No. 1-2. This claim would be properly raised under 42 U.S.C. 1983, which is similar to a *Bivens* claim except it provides a cause of action against a state actor who violated a person's federally-protected rights. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). A state prison official who is deliberately indifferent to an inmate's serious medical needs violates the Eighth Amendment to the United States Constitution. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To state an Eighth Amendment claim pursuant to § 1983, a plaintiff must allege facts sufficient to establish: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). Plaintiff, however, fails to plead any facts that could allow the Court to conclude that a prison official was deliberately indifferent to one of Plaintiff's serious medical needs.

Because it is unclear what relief Plaintiff seeks in this case and from whom he seeks such relief, Plaintiff is **ORDERED** to recast his Complaint on one of the Court's standard forms within **FOURTEEN (14) DAYS** of the date of this Order. If Plaintiff wants to raise claims against federal actors, he should recast his Complaint on a *Bivens* form; if he wants to raise claims against state actors for failing to provide him with adequate medical treatment, he should recast his Complaint on a § 1983 form. The Clerk is **DIRECTED** to mail Plaintiff copies of the Court's § 1983 and *Bivens* forms, marked with the case number for this case. Plaintiff should choose **only one** of these forms on which to recast his Complaint.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in this action. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing. Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must complete the entire complaint form.

Plaintiff's recast complaint **shall take the place of all allegations made in the original pleading** (ECF No. 1). The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on one of the enclosed standard forms. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in

4

another filing. As stated above, Plaintiff must name each defendant he wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed IFP (ECF No. 2) is **DENIED**, and Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) either pay the $405.00 filing fee in full or, if his circumstances have changed, submit a proper and complete motion for leave to proceed IFP, to include a certified copy of his prison trust fund account information; and (2) recast his Complaint on one of the Court's standard forms. **Failure to fully and timely comply with this Order may result in the dismissal of Plaintiff's Complaint.** If, prior to paying the filing fee, Plaintiff decides that he no longer wishes to go forward with this action, he may so notify the Court and thereby avoid incurring the $405.00 obligation. There will be no service of process in this case until further order. Once Plaintiff has paid the filing fee, the Court will conduct a preliminary review of his Complaint as required by 28 U.S.C. § 1915A(a).

**SO ORDERED**, this 9th day of June, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

5